IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

BARRETT GREEN (AIS# 245124),　　　　　　*

　　Plaintiff,
　　　　　　　　　　　　　　　　　　　　*

v.　　　　　　　　　　　　　　　　　　CIVIL ACTION: 2:06-CV-1052-MEF
　　　　　　　　　　　　　　　　　　　　*

PRISON HEALTH SERVICES, INC.
et al.　　　　　　　　　　　　　　　　　*

　　Defendants.　　　　　　　　　　　　*

### ANSWER TO COMPLAINT

COMES NOW the Defendant, Prison Health Services, Inc. ("PHS"), by and through counsel, and answers the Plaintiff's Complaint in this matter as follows:

1.　　The Defendant denies each and every material allegation contained in the Plaintiff's Complaint and demand strict proof thereof.

2.　　The Defendant pleads not guilty to the charges in the Plaintiff's Complaint.

3.　　The Plaintiff's Complaint fails to state a claim against the Defendant for which relief can be granted.

4.　　The Defendant affirmatively denies any and all alleged claims by the Plaintiff.

5.　　The Plaintiff is not entitled to any relief requested in the Complaint.

6.　　The Defendant pleads the defense of qualified immunity and aver that the actions taken by the Defendant were reasonable and in good faith with reference to clearly established law at the time of the incidents complained of by the Plaintiff.

7. The Defendant is entitled to qualified immunity and it is clear from the face of the Complaint that the Plaintiff has not alleged specific facts indicating that the Defendant has violated any clearly established constitutional right.

8. The Defendant cannot be held liable on the basis of respondeat superior, agency, or vicarious liability theories.

9. The Plaintiff is not entitled to any relief under 42 U.S.C. § 1983.

10. The Defendant pleads all applicable immunities, including, but not limited to qualified, absolute, discretionary function immunity, and state agent immunity.

11. The Defendant pleads the general issue.

12. This Court lacks subject matter jurisdiction due to the fact that even if the Plaintiff's allegations should be proven, the allegations against the Defendant would amount to mere negligence which is not recognized as a deprivation of the Plaintiff's constitutional rights. See Rogers v. Evans, 792 F.2d 1052 (11th Cir. 1986).

13. Alabama law provides tort and other remedies for the allegations made by the Plaintiff herein and such remedies are constitutionally adequate.

14. The Defendant pleads the defense that at all times in treating Plaintiff PHS exercised the same degree of care, skill, and diligence as other physicians and nursing staff would have exercised under similar circumstances and that at no time did PHS act toward the Plaintiff with deliberate indifference to a serious medical need.

15. The Defendant pleads the affirmative defense that the Plaintiff's Complaint fails to contain a detailed specification and factual description of the acts and omissions alleged to render PHS liable to the Plaintiff as required by § 6-5-551 of the Ala. Code (1993).

16.     The Defendant pleads the affirmative defenses of contributory negligence and assumption of the risk.

17.     The Defendant pleads the affirmative defense that the Plaintiff has failed to mitigate his own damages.

18.     The Defendant pleads the affirmative defense that PHS is not guilty of any conduct which would justify the imposition of punitive damages against it and that any such award would violate the United States Constitution.

19.     The Defendant adopts and asserts all defenses set forth in the Alabama Medical Liability Act § 6-5-481, et seq., and § 6-5-542, et seq.

20.     The Plaintiff has failed to exhaust his administrative remedies as mandated by the Prison Litigation Reform Act amendment to 42 U.S.C. § 1997e(a). The Plaintiff has failed to pursue the administrative remedies available to him. See Cruz v. Jordan, 80 F. Supp. 2d 109 (S.D. N.Y. 1999) (claims concerning Defendant's deliberate indifference to a medical need is an action "with respect to prison conditions" and is thus governed by exhaustion requirement).

21.     The Prison Litigation Reform Act amendment to 42 U.S.C. § 1997(e)(c) mandates the dismissal of Plaintiff's claims herein as this action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks money damages from the Defendant who is entitled to immunity.

22.     The Plaintiff's claims are barred by the Prison Litigation Reform Act of 1995, 42 U.S.C. §1997(e).

23.     The Plaintiff has failed to comply with 28 U.S.C. § 1915 with respect to the requirements and limitations inmates must follow in filing in forma pauperis actions in federal court.

24. Pursuant to 28 U.S.C. § 1915 A, this Court is requested to screen and dismiss this case, as soon as possible, either before or after docketing, as this case is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks money damages from the individual Defendants who are state officers entitled to immunity as provided for in 42 U.S.C. § 1997 (e)(c).

25. The Defendant asserts that the Plaintiff's Complaint is frivolous and filed in bad faith solely for the purpose of harassment and intimidation and requests this Court pursuant to 42 U.S.C. § 1988 to award Defendant reasonable attorney's fees and costs incurred in the defense of this case.

26. The Plaintiff's claims are moot because the events which underlie the controversy have been resolved. See Marie v. Nickels, 70 F., Supp. 2d 1252 (D. Kan. 1999).

Respectfully submitted,

/s/ PAUL M. JAMES, JR.
Alabama State Bar Number JAM017
Attorney for Defendant Prison Health
Services, Inc.

RUSHTON, STAKELY, JOHNSTON &
GARRETT, P.A.
P. O. Box 270
Montgomery, AL  36101-0270
Telephone: (334) 206-3148
Fax: (334) 262-6277
E-mail: pmj@rsjg.com

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served by U.S. Mail this the 21st day of February, 2007, to:

Barrett Green (AIS# 245124)
Ventress Correctional Facility
P. O. Box 767
Clayton, AL  36016

/s/  PAUL M. JAMES, JR. (JAM017)
Attorney for Defendants Prison Health Services, Inc.