IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

_____

BARRETT GREEN, #245 124           *

    Plaintiff,                               *

    v.                                          *     2:06-CV-1052-MEF
                                                         (WO)

PRISON HEALTH SERVICES, INC.   *

    Defendant.                            *

_____

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This 42 U.S.C. § 1983 action was filed by Plaintiff on November 22, 2006. On December 13, 2006 the court entered an order of procedure which instructed Plaintiff, among other things, to inform the court of any change in his address. (*Doc. No. 4*.)

It recently came to the court's attention that Plaintiff is no longer residing at the address he provided to the court when he filed this complaint. Consequently, the court entered an order on March 13, 2008 directing Plaintiff to provide the court with his present address on or before March 24, 2008. (*Doc. No. 16*.) Plaintiff was cautioned that his failure to comply with the court's March 13 order would result in a Recommendation that this case be dismissed. (*Id.*) Because Plaintiff has filed nothing in response to this order, the court concludes that this case should be dismissed.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED without prejudice for Plaintiff's failures to prosecute this action properly and to comply with the orders of this court.

It is further

ORDERED that the parties are DIRECTED to file any objections to the Recommendation on or before **April 14, 2008**. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 1st day of April 2008.

                    /s/Terry F. Moorer
                    TERRY F. MOORER
                    UNITED STATES MAGISTRATE JUDGE